IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NATIONAL RAILROAD PASSENGER     *
CORPORATION (AMTRAK),           *

    Plaintiff,                  *

    v.                          *   CIVIL NO.: WDQ-08-1501

RAILWAY EXPRESS, LLC,           *

    Defendant.                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    National Railroad Passenger Corporation ("Amtrak") sued Railway Express, LLC for a declaratory judgment and injunctive relief. For the following reasons, Amtrak's motion to strike the jury demand will be denied.

I.    Background

    Amtrak sued Railway Express over its claimed rights in a subsurface area of land ("Parcel") near Baltimore's Penn Station. The Parcel is adjacent to Amtrak's railroad tracks, and beneath an apartment and retail building, now owned by Railway Express. ECF No. 1 ¶ 1.

    Amtrak obtained the rights through its predecessors-in-interest, the Pennsylvania Railroad Company and the Northern Central Railway Company (collectively "Railroads"). See ECF No. 96-8 at 3. The Railroads' interest in the Parcel was defined in an amendment to a 1946 agreement with the United States

government. *See* ECF No. 86-7, 86-8. The agreement gave the Railroads an easement for the subsurface area beneath the building for "railway purposes." ECF No. 86-8 at 2. It allowed the Government to use the subsurface area as long as it did not unreasonably interfere with the Railroads' use. *Id.* at 4.

By conveyances, the Government transferred its interest in the building to Baltimore City, which eventually issued a Request for Proposal to develop the building. ECF No. 96-69, 96-20. Railway Express won the bid. ECF No. 96-1 at 15. In 1976, the Government consolidated the railroad companies and conveyed their property rights, including those in the Parcel, to Amtrak. ECF No. 86-2 at 5.

In 2002, Railway Express began meeting with Amtrak to discuss Railway Express's plans for the Parcel. *See* ECF No. 96-21. Railway Express told Amtrak it planned to build a parking garage on the Parcel; Amtrak told Railway Express that Amtrak had an easement in the Parcel, and the parking deck would violate the easement. ECF No. 96-21 at 1-2; ECF No. 103-6. On June 30, 2005, Railway Express took title to the property. ECF No. 96-26.

By December 28, 2007, Railway Express had paved the Parcel and built a security fence around the rail tracks (which remained unpaved to accommodate Amtrak), leaving an opening for a trash truck. ECF No. 96-40. Amtrak employees have testified

that the fence around the tracks and use of the Parcel for commercial parking will affect Amtrak's use of the Parcel. Railway Express plans to create a second level of parking by building a "mezzanine" above the Parcel. ECF No. 96-23.

On June 10, 2008, Amtrak filed this suit for (1) trespass,[1] (2) a declaratory judgment that it has rights in the Parcel and Railway Express has no right to exclude it from using the Parcel, and (3) injunctive relief barring Railway Express from the Parcel without Amtrak's permission, and requiring Railway Express to replace a barrier fence it removed and remove the fence around the track. ECF No. 1.

On June 11, 2008, Railway Express sued Amtrak, seeking a declaration that Amtrak's announced use is not railway use, Amtrak's announced use and exclusion of Railway Express would be improper, and that Amtrak was estopped from using the Parcel. *Ry. Express v. Nat'l R. Passenger Corp. (AMTRAK)*, Civ. No. WDQ-08-1511, ECF No. 1 ¶ 27 [hereinafter "Ry. Compl."]. That suit was consolidated with this case. *Id.* ECF No. 10 (July 8, 2008 order consolidating case with Civ. No. WDQ-08-1501).

On July 17, 2009, the Court granted Amtrak's motion for a preliminary injunction and denied Railway Express's motion for the same protection. ECF No. 40. On December 1, 2011, the

---

[1] On August 28, 2009, Amtrak dismissed its trespass claim. ECF No. 45.

Court granted in part and denied in part cross-motions for summary judgment.  ECF No. 113.  The Court held, as a matter of law, that: (1) Amtrak has an easement for railway purposes over the Parcel, (2) Amtrak uses the Parcel for railway purposes, and (3) Amtrak may not exclude Railway Express from the Parcel.  ECF No. 113 at 2.  The Court held that there was a dispute of fact whether completing construction of the parking garage will unreasonably interfere with Amtrak's easement.  ECF No. 112 at 31.  Unreasonableness of interference is the only issue remaining for trial.

On March 22, 2012, Amtrak moved to strike "all jury demands, and try this matter sitting in equity."  ECF No. 121-1 at 1.  Railway Express opposed the motion.  ECF No. 125.

II. Analysis

The only remaining claims in this action are Counts II and III of Amtrak's complaint, and Railway Express's declaratory judgment claim.  See ECF No. 1 ¶¶ 29-35; Ry. Compl. ¶ 27; ECF No. 45 (stipulation of dismissal of Count I).  Count II asks the Court to "declare the respective rights of the parties . . . under the 1946 Agreement and the Amendment to the Declaration of Taking."  ECF No. 1 ¶¶ 30, 31, 35.  Count III asks the Court for a permanent injunction.  Id. ¶ 41.  Railway Express seeks a declaration that Amtrak may not exclude it from building the parking garage.  See Ry. Compl. ¶¶ 27, 28.

Under Fed. R. Civ. P. 38(a), "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." The Seventh Amendment confines the right to trial by jury to "Suits at common law." The right is preserved by a party's demand for a jury trial; that demand may not be withdrawn without the opposing party's consent. Fed. R. Civ. P. 38(b)-(d).

That a claim is brought under the Declaratory Judgment Act has no effect on whether the claimant is entitled to a jury trial. *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *In re Lockheed Martin Corp.*, 503 F.3d 351, 355 (4th Cir. 2007). Accordingly, "the right to a jury trial in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle." *In re Lockheed Martin*, 503 F.3d at 355. Accordingly, the Court considers the nature of the dispute underlying the declaratory judgment claim. *See id.*[2]

---

[2] *See also Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979) ("If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit--an action brought by one who would have been a defendant at common law--then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right.").

Generally, an action seeking injunctive relief or equitable restitution is undertaken in equity and there is no jury right; "an action for money damages" is a legal action for which the parties are entitled to a jury trial.[3] No claims for money damages remain here. See ECF No. 45 (stipulation of dismissal of Count I); Ry. Compl. ¶ 27.

Amtrak's Count II and Railway Express's declaratory judgment count seek clarification of Amtrak's easement rights in the Parcel: Amtrak seeks to prevent Railway Express from completing its construction, ECF No. 1 ¶ 35, and Railway Express seeks a declaration that Amtrak's use of the property and exclusion of Railway Express is improper, Ry. Compl. ¶27. If the action were not one for declaratory judgment, Amtrak would have sued Railway Express in case for interference with its easement,[4] and Railway Express would have sued Amtrak for

---

[3] See *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710-13 (1999); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 170 F.3d 449, 465 (4th Cir. 1999); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2308.

[4] See 3 Herbert T. Tiffany & Basil Jones, *Tiffany Real Property* § 814; see also *Metaxas v. Easton Puv. Co.*, 140 A. 603, 605 (Md. 1928) (stating that case, not ejectment or trespass, is the proper suit for interference with an easement); *Windsor Resort Inc. v. Mayor & City Council of Ocean City*, 526 A.2d 102, 106 (Md. Ct. Spec. App. 1987) (same). An action in case--or on the case--is a traditional generic cause of action that could be used to remedy interference with an easement or right of way. See 3 William Blackstone, *Commentaries* *241-42 ("[T]he remedy therefore for these disturbances [of rights of way] is not by

trespass or ejectment from its property.  These remedies are all legal and would be tried to a jury.[5]

Although the action had legal analogs at the start of the case, many of the issues have been resolved as a matter of law. *See* ECF No. 113.  Whether Railway Express has unreasonably interfered with Amtrak's easement and the scope, if any, of Railway Express's right to construct a commercial parking garage

---

assize or any real action, but by the universal remedy of action on the case to recover damages."). An action on the case is "the precursor to a variety of modern-day tort claims, including negligence, nuisance, and business torts."  *Black's Law Dictionary* 1643 (9th ed. 2009).

[5] *See Martin v. Howard Cnty.*, 709 A.2d 125, 132 (Md. 1998) (ejectment and trespass); *Metaxas*, 140 A. at 605 (case).
   An injunction would not be the appropriate remedy, as the parties seek to clarify their rights in the property.  The *Metaxas* court explained:
> "In suits of this nature, where relief by injunction is sought as a determinative and not as an ancillary remedy, it is . . . essential that the right of the plaintiff to the invaded estate should be free from any reasonable doubt or dispute.  When the title relied upon is controverted . . . . a court of equity will not interfere, except for temporary protective purposes until the question of legal right can be decided by a court of law," and that it is only in cases where the legal title of the plaintiff is not doubtful . . . that resort to a court of law will not be required.

*Metaxas*, 140 A. at 605 (quoting *Oberheim v. Reeside*, 81 A. 590, 593 (Md. 1911)).  The *Metaxas* court did find an exception to this principle because the posture would otherwise "require several suits at law to afford the respective parties full and adequate relief," but noted that the court was "averse to allowing mere questions of title to be determined under bills of injunction."  *Metaxas*, 140 A. at 606.  Here, the case is dominated by the question of title and the merger of law and equity eliminates the need for multiple suits.  *See* Fed. R. Civ. P. 2.  The exception for equity in *Metaxas* does not apply.

on the Parcel have not been resolved. *Id.* at 1-2. If Amtrak had brought this action in case, interference would have been an element of its claim. *See* 3 *Tiffany Real Property* § 814. Although the terms of the easement prohibit only *unreasonable* interference, ECF No. 86-8 at 4; *see* ECF No. 112 at 27, the interference element is still present in this case and would traditionally be tried to a jury in an action at law. *See Metaxas*, 140 A. at 605.

Because "there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle" there is a right to a jury trial in this case. *In re Lockheed Martin*, 503 F.3d at 355. Amtrak's motion will be denied.

III. Conclusion

For the reasons stated above, Amtrak's motion to strike the jury demand will be denied.

_10/22/12_
Date

William D. Quarles, Jr.
United States District Judge